IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 4:21-mj-389 |
| | ) | |
| v. | ) | |
| | ) | |
| CHAD ALLEN WILLIAMS, | ) | WAIVER OF DETENTION HEARING |
| | ) | |
| Defendant. | ) | |

COMES NOW, the defendant, Chad Williams, through counsel, and hereby waives his right to the detention hearing currently scheduled for June 28, 2021 at 2:30 p.m., subject to his right to request a hearing at a later date.   In support of this waiver, counsel states:

1.   Mr. Williams has been arrested on a criminal complaint alleging possession and manufacture of an unregistered destructive device, in violation of 26 U.S.C. § 5861(d) and (f).

2.   Mr. Williams currently lacks a concrete and viable release plan.   Counsel has made inquiries with several of Mr. Williams' family members, but release to their residences and custodianship is not possible at this point in time.   Counsel has also made inquiries with several central Iowa residential programs that may be release options, but is still awaiting responses from those programs as to whether they will accept Mr. Williams, and when a bed may be available if he is accepted.   The Veterans' Administration may be able to accept Mr. Williams into its residential program, but needs additional time to confer with him and complete its assessment before formally making a decision as to his eligibility.   If a release plan, whether through a residential program or a family member or other source becomes viable, more time will be needed for pretrial services to verify the option prior to a hearing.

3.      The current detention hearing setting is insufficient time to obtain and verify confirmation of a release option for Mr. Williams.  Counsel has spoken with Mr. Williams about the possibility of needing to defer a detention hearing if a release plan is not in place, and Mr. Williams is agreeable to waiving his detention hearing under the circumstances.  Counsel will petition the Court to set a new detention hearing at a later date, if circumstances change. Consequently, though Mr. Williams is waiving his right to a detention hearing at this time, he reserves the right to have a detention hearing and seek release from custody in the future.  He understands that waiver of the detention hearing means he will continue to be held in custody at the Polk County Jail, unless his situation changes and he is later released to pretrial supervision.

4.      Based on the discussion with Mr. Williams, counsel believes his waiver of a detention hearing is knowingly and voluntarily made, and believes he is competent and capable of making such a waiver at this time.

5.      Based on the inability to obtain a signature from Mr. Williams prior to the scheduled hearing time due to contact restrictions in place because of the COVID-19 pandemic, counsel respectfully requests that the court accept this filing and counsel's statements on Mr. Williams' behalf.

WHEREFORE, defendant Chad Williams waives his right to a detention hearing at this time, subject to his right to reopen the detention issue at later date if a suitable release plan becomes available.

> Respectfully submitted,
>
> /s/ Joseph Herrold
> Joseph Herrold
> Assistant Federal Defender

FEDERAL PUBLIC DEFENDER'S OFFICE
400 Locust Street, Suite 340
Des Moines, Iowa 50309-2353
PHONE: (515) 309-9610
FAX: (515) 309-9625
E-MAIL: joe_herrold@fd.org
ATTORNEY FOR THE DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Morgan Conn*, Paralegal